1
KENNETH B. WILSON  (SBN 130009)
  ken@coastsidelegal.com
2
COASTSIDE LEGAL
455 1st Avenue
3
Half Moon Bay, California 94019
Telephone: (650) 440-4211
4
JOSHUA M. MASUR  (SBN 203510)
5
  jmasur@zuberlawler.com
FRANCESCA MIKI SHIMA GERMINARIO  (SBN 326208)
6
  fgerminario@zuberlawler.com
ZUBER LAWLER LLP
7
2000 Broadway Street, Suite 154
Redwood City, California 94063
8
Telephone: (213) 596-5600
Facsimile: (213) 596-5621
9
JEFFREY J. ZUBER  (SBN 220830)
10
  jzuber@zuberlawler.com
HEMING XU  (SBN 302461)
11
  hxu@zuberlawler.com
ZUBER LAWLER LLP
12
350 S. Grand Avenue, 32nd Floor
Los Angeles, California 90071   USA
13
Telephone: (213) 596-5620
Facsimile:  (213) 596-5621
14
Attorneys for Defendant REDBUBBLE INC.

15
**UNITED STATES DISTRICT COURT**

16
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| 17 YZ PRODUCTIONS, INC., a California corporation, | Case No. 5:20-cv-06615-LHK |
| 18                        Plaintiff, | **DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF YZ PRODUCTIONS, INC.'S CONTRIBUTORY INFRINGEMENT CLAIMS, TRADE-DRESS CLAIMS, AND UNFAIR-COMPETITION CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 19             v. | |
| 20 REDBUBBLE, INC., a Delaware corporation, and DOES 1 through 20, inclusive, | |
| 21 | |
| 22                        Defendant. | |
| 23 | *[Filed concurrently with [Proposed] Order]* |
| 24 | |
| 25 | Judge:     Hon. Lucy H. Koh |
| 26 | Date:      June 3, 2021 |
|    | Time:      1:30 p.m. |
|    | Crtrm.:    2112 |
| 27 | |
| 28 | |

2911-1009 / 1741139

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 3, 2021, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Lucy H. Koh, located in the Robert F. Peckham Federal Building and United States Courthouse, 280 South First Street, Courtroom 2112, San Jose, California 95113, Defendant Redbubble Inc. ("Redbubble") respectfully moves this Court to partially dismiss the claims discussed below in Plaintiff YZ Productions, Inc.'s ("Plaintiff") First Amended Complaint ("Complaint") [D.E. 28.]

This Motion is made upon the following grounds.  First, Plaintiff's claims for contributory copyright infringement ("Contributory Copyright-Infringement Claims") and contributory-liability under the Lanham Act, 15 U.S.C. 1051, *et seq.*, ("Contributory Lanham-Act Claims") fail to plead facts showing that Redbubble had knowledge of any specific infringing activities.  [*See* D.E. 28 ¶ 109 (Contributory Copyright-Infringement Claim); D.E. 28 ¶¶ 72, 78 & 95 (Contributory Lanham-Act Claims).]  Second, Plaintiff's direct and contributory claims for trade-dress infringement ("Trade-Dress Claims") should be dismissed because they fail to plead any specific trade-dress elements.  [D.E. 28 ¶ 95 (Trade-Dress Claims).]  Third, Plaintiff's unfair-competition claims ("Unfair-Competition Claims") are barred by the Communications Decency Act ("CDA"), 47 U.S.C. § 230 because the FAC establishes that although Redbubble is an internet services provider, and the Unfair-Competition Claims treat Redbubble as a publisher and seek to attach liability to Redbubble for third-party content.  [D.E. 28 ¶¶ 124-139 (Unfair-Competition Claims).]

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which

///
///
///
///
///
///

1  the Court may take judicial notice, and any argument or evidence that may be presented to or

2  considered by the Court prior to its ruling.

3

4  Dated: January 29, 2021.                          COASTSIDE LEGAL
                                                       KENNETH B. WILSON
5

6                                                      ZUBER LAWLER LLP

                                                       JOSHUA M. MASUR
7                                                      FRANCESCA MIKI SHIMA GERMINARIO
                                                       JEFFREY J. ZUBER
8                                                      HEMING XU

9
                                                       By:  *Joshua M. Masur*
10                                                          Joshua M. Masur
                                                           Attorneys for Defendant Redbubble Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2911-1009 / 1741139
DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................1

I.      INTRODUCTION...........................................................................................................1

II.     RELEVANT BACKGROUND.......................................................................................2

III.    STANDARD OF REVIEW ............................................................................................3

IV.     LEGAL ARGUMENT ...................................................................................................5

        A.      Plaintiff fails to plead that Redbubble had knowledge of any specific
                copyright-infringement activities and/or that Redbubble was willfully blind. ..........5

        B.      Plaintiff fails to plead that Redbubble had knowledge of any specific
                Lanham-Act Violations and/or that Redbubble was willfully blind. ......................6

        C.      Plaintiff wholly fails to allege any protectable trade-dress elements. ......................8

        D.      The CDA bars Plaintiff's state-law Unfair-Competition Claims. ............................9

V.      CONCLUSION ............................................................................................................12

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

*Adams v. Johnson*,
    355 F.3d 1179 (9th Cir. 2004) ............................................................. 4

*Annabooks, LLC v. Issuu, Inc.*,
    No. 20-CV-04271-CRB, 2020 WL 6873646
    (N.D. Cal. Sept. 24, 2020) ................................................................... 6

*ArcSoft, Inc. v. Cyberlink Corp.*,
    153 F. Supp. 3d 1057 (N.D. Cal. 2015) ...................................... 1, 8, 9

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) .................................................................... 2, 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................ 2, 4

*Bibiyan v. Marjan Television Network, Ltd.*,
    No. CV193993DMGMRWX, 2019 WL 8108710
    (C.D. Cal. Nov. 27, 2019) ................................................................... 5

*Davis v. Pinterest, Inc.*,
    No. 19-CV-07650-HSG, 2020 WL 4201681
    (N.D. Cal. July 22, 2020) ..................................................................... 6

*Epikhin v. Game Insight N. Am.*,
    145 F. Supp. 3d 896 (N.D. Cal. 2015) ............................................. 3, 6

*Epikhin v. Game Insight N. Am.*,
    No. 14-CV-04383-LHK, 2015 WL 2412357
    (N.D. Cal. May 20, 2015) ..................................................................... 5

*Fayer v. Vaughn*,
    649 F.3d 1061 (9th Cir. 2011) .............................................................. 4

*Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*,
    No. 19-CV-05611-PJH, 2020 WL 1250802
    (N.D. Cal. Mar. 16, 2020) ................................................................... 7

*Free Kick Master LLC v. Apple Inc*,
    No. 15-CV-3403-PJH, 2016 WL 777916
    (N.D. Cal. Feb. 29, 2016) ..................................................................... 8

*Free Kick Master LLC v. Apple Inc.*,
    140 F. Supp. 3d 975 (N.D. Cal. 2015) ................................ 7, 9, 10, 11

*Herskowitz v. Apple Inc.*,
    940 F. Supp. 2d 1131 (N.D. Cal. 2013) ........................................... 4, 9

*Joseph v. Amazon.com, Inc.*,
  46 F. Supp. 3d 1095 (W.D. Wash. 2014) .......................................................................... 10

*La Park La Brea A LLC v. Airbnb, Inc.*,
  285 F. Supp. 3d 1097 (C.D. Cal. 2017) ..................................................................... 10, 11

*Luvdarts, LLC v. AT & T Mobility, LLC*,
  710 F.3d 1068 (9th Cir. 2013) ........................................................................................... 5

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ........................................................................................... 4

*Mosaic Brands, Inc. v. The Ridge Wallet LLC*,
  No. 220CV04556ABJCX, 2020 WL 5640233
  (C.D. Cal. Sept. 3, 2020) .................................................................................................. 8

*Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*,
  No. 07 CIV.6959 (DAB), 2009 WL 4857605
  (S.D.N.Y. Dec. 14, 2009) .................................................................................................. 7

*Pennie v. Twitter, Inc.*,
  281 F. Supp. 3d 874 (N.D. Cal. 2017) ............................................................................... 4

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
  494 F.3d 788 (9th Cir. 2007)............................................................................................... 6

*Pryor v. Warner/Chappell Music, Inc.*,
  No. CV 13-4344 RSWL AJWX, 2014 WL 690153
   (C.D. Cal. Feb. 20, 2014) ................................................................................................. 5

*RDF Media Ltd. v. Fox Broad. Co.*,
  372 F. Supp. 2d 556 (C.D. Cal. 2005)................................................................................ 9

*Shaw v. Hahn*,
  56 F.3d 1128 (9th Cir. 1995) .............................................................................................. 4

*Shwarz v. United States*,
  234 F.3d 428 (9th Cir. 2000) .............................................................................................. 4

*Sleep Sci. Partners v. Lieberman*,
  No. 09-04200 CW, 2010 WL 1881770
  (N.D. Cal. May 10, 2010)................................................................................................... 9

*Spy Phone Labs LLC. v. Google Inc.*,
  No. 15-CV-03756-PSG, 2016 WL 1089267
  (N.D. Cal. Mar. 21, 2016) ............................................................................................. 7, 8

*The Ohio State University v. Redbubble Inc.*,
  369 F. Supp. 3d 840 (S.D. Ohio 2019)........................................................................... 1, 2

*Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*,
  212 F. Supp. 3d 816 (N.D. Cal. 2016) ........................................................................... 6, 7

*Tiffany (NJ) Inc. v. eBay, Inc.*,
  576 F. Supp. 2d 463 (S.D.N.Y. 2008) ............................................................................... 6

*Tiffany (NJ) Inc. v. eBay, Inc.*,
 600 F.3d 93 (2d Cir. 2010) ................................................................................. 6

*Weisbuch v. Cnty. of L.A.*,
 119 F.3d 778 (9th Cir. 1997) .............................................................................. 4

*Y.Y.G.M. SA v. Redbubble Inc.*,
 No. 2:19-CV-04618-RGK-JPR, 2020 WL 3984528
 (C.D. Cal., July 10, 2020) .................................................................................. 1

**<u>Statutes</u>**

15 U.S.C. § 1114 ............................................................................................................ 6

15 U.S.C. § 1125 ............................................................................................................ 6

Communications Decency Act, § 230 ................................................................... 1, 2, 9

**<u>Rules</u>**

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 3, 4

Federal Rule of Civil Procedure 8(a)(2) ................................................................... 3

**<u>Treatises</u>**

McCarthy on Trademarks § 8:3 (4th ed. 2001) ........................................................ 8

DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      INTRODUCTION**

3      Several causes of action in Plaintiff's First Amended Complaint contain critical flaws that

4 render them subject to dismissal.  Specifically, although Plaintiff asserts contributory copyright-

5 and trademark-infringement claims—both of which require Redbubble to have *knowingly* failed to

6 remove *specific* infringing content on its platform—the Complaint inadequately pleads facts

7 supporting its conclusory assertions that Redbubble had the requisite notice of these infringements

8 (it did not).  Plaintiff has also alleged trade-dress infringement without articulating "a complete

9 recitation of the concrete elements" for each asserted trade dress as required by the relevant case

10 law.  *ArcSoft, Inc. v. Cyberlink Corp.*, 153 F. Supp. 3d 1057, 1069-70 (N.D. Cal. 2015).  And

11 Plaintiff has alleged facts establishing that Redbubble is immune from Plaintiff's state-law unfair

12 competition claims under Section 230 of the Communications Decency Act.

13      While this Motion only addresses a subset of Plaintiff's claims, its resolution could greatly

14 facilitate resolution of this case as a whole.  Multiple courts have already held, as a matter of law,

15 that Redbubble's online-marketplace business operations do not give rise to claims for direct or

16 vicarious trademark infringement (or federal or state-law unfair competition claims), using

17 reasoning that could apply equally to claims for direct or vicarious copyright infringement.  *See The*

18 *Ohio State University v. Redbubble Inc.*, 369 F. Supp. 3d 840 (S.D. Ohio 2019) (granting summary

19 judgment to Redbubble on direct trademark-infringement claim and federal unfair-competition and

20 passing-off claims, among others); *Y.Y.G.M. SA v. Redbubble Inc.*, No. 2:19-CV-04618-RGK-JPR,

21 2020 WL 3984528 (C.D. Cal., July 10, 2020) (granting partial summary judgment to Redbubble on

22 direct trademark-infringement and federal and state-law unfair-competition claims).  Thus, the only

23 two legal theories in Plaintiff's Complaint that a court has not already resolved in Redbubble's

24 favor in other actions are Plaintiff's claims for contributory trademark infringement and trade-dress

25 infringement, both of which Redbubble seeks to dismiss here.

26      Because Plaintiff's contributory infringement and trade-dress infringement claims do not

27 set forth "factual content that allows the court to draw the reasonable inference that [Redbubble] is

28 liable for the misconduct alleged," and because the Complaint's allegations themselves establish

1

1   Redbubble's Section 230 defense to Plaintiff's state-law claims, each of those claims should be

2   dismissed, the latter group without leave to amend. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

3   (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

4   **II.    RELEVANT BACKGROUND**

5           Redbubble is in the business of hosting an online marketplace at www.redbubble.com (the

6   "Marketplace"). [D.E. 28 ¶¶ 52-53.]  According to the allegations of the Complaint, Redbubble

7   provides a "platform" that allows users "to create online storefronts through which [allegedly]

8   Infringing Goods" are then "marketed, offered for sale, and sold" by the users.  [D.E. 28 ¶¶ 52-53,

9   84.]  As is apparent from the partial product listings pages reproduced in the Complaint, the

10  allegedly infringing products are designed by these third-party users, who may use the site to sell

11  their art.  [D.E. 28 ¶¶ 53-56.]  Plaintiff correctly acknowledges that products ordered through the

12  Marketplace are then manufactured by third parties, who ship them to the ordering customer.

13  [*See, e.g.,* D.E. 28 ¶ 84 (alleging that Redbubble "arranges for the manufacture" of the products).]

14  The Complaint does not (because it cannot) set forth any facts that would support a conclusion

15  that Redbubble itself designs, uploads, reproduces, makes, advertises, offers, or sells the allegedly

16  infringing products at issue in this action.  *See, e.g.*, *Ohio State*, 369 F. Supp. 3d at 841-42.

17          Plaintiff purports to be a "professional multimedia production company, YouTube channel

18  operator, and distributor" that has obtained three registered trademarks and two registered

19  copyrights over the last two years.  [D.E. ¶¶ 7, 11-17, 24, 27-33, 73 & 111.]  Plaintiff alleges that

20  it "notified Defendant of its infringement" of Plaintiff's trademarks and copyrights "in

21  correspondence dated February 5, 2020 and demanded that Defendant stop its unlawful activities."

22  But Plaintiff does not (and cannot) allege that Redbubble failed to remove the listings actually

23  identified in that correspondence.  Rather, Plaintiff claims that the Redbubble Marketplace

24  thereafter hosted unspecified "Infringing Goods" that were not identified in the February 5 notice.

25  [D.E. 28 ¶¶ 56 & 61.]

26          On January 15, 2020, Plaintiff filed its First Amended Complaint, setting forth six Causes

27  of Action: (1) trademark counterfeiting; (2) registered trademark infringement; (3) unregistered

28  trademark infringement, trade-dress infringement, and false designation of origin, alleging all

1  three claims as if they were a single cause of action; (4) copyright infringement; (5) California

2  statutory unfair competition; and (6) California common-law unfair competition.[1]  [*See* D.E. 28

3  ¶ 1.]  Plaintiff's first three claims, which assert its purported trademarks and/or trade dresses, mash

4  together allegations of direct and contributory infringement and the fourth claim for copyright

5  infringement similarly combines allegations of direct, contributory, and vicarious infringement.

6  [*See* D.E. 28 ¶ 1.]  The state-law unfair-competition claims are based on the same underlying

7  conduct as Plaintiff's trademark, trade-dress, and copyright claims.  [*See* D.E. ¶¶ 124-139.]

8       Unfortunately, Plaintiff's First Amended Complaint addressed some, but not all, pleading

9  issues that Redbubble had earlier identified to Plaintiff.  Specifically, the allegations discussed

10 above represent the sum and substance of its factual allegations regarding Redbubble's purported

11 knowledge of specific infringing content on the Marketplace.  And while Plaintiff asserts that it

12 owns trade dresses relating to five designs for which it has also applied for or obtained copyright

13 and/or trademark registrations, Plaintiff offers no specific descriptions of what its purported trade

14 dresses encompass.

15 **III.**   **STANDARD OF REVIEW**

16      "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include 'a

17 short and plain statement of the claim showing that the pleader is entitled to relief.'  A complaint

18 that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6)."  *Epikhin v. Game*

19 *Insight N. Am.*, 145 F. Supp. 3d 896, 901 (N.D. Cal. 2015) (Koh, J.) (citation omitted).

20                Pursuant to Federal Rule of Civil Procedure 12(b)(6), a

21           defendant may move to dismiss an action for failure to allege

22           "enough facts to state a claim to relief that is plausible on its face."

23           "A claim has facial plausibility when the plaintiff pleads factual

24           content that allows the court to draw the reasonable inference that

25           the defendant is liable for the misconduct alleged. The plausibility

26           standard is not akin to a 'probability requirement,' but it asks for

27  

28 [1] The First Amended Complaint drops Plaintiff's trademark-dilution claim.  [*Compare* D.E. 1 *with* 28.]

3

Case No. 5:20-cv-06615-LHK

1    more than a sheer possibility that a defendant has acted unlawfully."

2    For purposes of ruling on a Rule 12(b)(6) motion, the court

3    "accept[s] factual allegations in the complaint as true and

4    construe[s] the pleadings in the light most favorable to the

5    nonmoving party."

6         However, a court need not accept as true allegations

7    contradicted by judicially noticeable facts, and a "court may look

8    beyond the plaintiff's complaint to matters of public record" without

9    converting the Rule 12(b)(6) motion into one for summary

10   judgment. Nor is a court required to "'assume the truth of legal

11   conclusions merely because they are cast in the form of factual

12   allegations.'"  Mere "conclusory allegations of law and unwarranted

13   inferences are insufficient to defeat a motion to dismiss."

14   Furthermore, "a plaintiff may plead [him]self out of court" if he

15   "plead[s] facts which establish that he cannot prevail on his ...

16   claim."

17   *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1137 (N.D. Cal. 2013) (Koh, J.) (citations

18   omitted; citing *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678; *Manzarek v. St. Paul Fire &*

19   *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Shwarz v. United States*, 234 F.3d 428 (9th

20   Cir. 2000); *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995); *Fayer v. Vaughn*, 649 F.3d

21   1061, 1064 (9th Cir. 2011) (per curiam); *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004);

22   *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n. 1 (9th Cir. 1997)).  Conclusory pleadings based on

23   "information and belief" are not "taken as true."  *Pennie v. Twitter, Inc.*, 281 F. Supp. 3d 874, 887

24   n.8 (N.D. Cal. 2017).

25   ///

26   ///

27   ///

28   ///

IV. **LEGAL ARGUMENT**

A. **Plaintiff fails to plead that Redbubble had knowledge of any specific copyright-infringement activities and/or that Redbubble was willfully blind.**

Plaintiff's Contributory Copyright-Infringement Claims are deficient because they fail to plead a core element of a contributory copyright-infringement claim, namely that Redbubble had "actual knowledge of specific acts of infringement" or was "[w]illful[ly] blind[]" to said "specific facts." *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1072–73 (9th Cir. 2013) (affirming dismissal). Plaintiff does not plead willful blindness, nor allege any "active steps" Redbubble took "to avoid acquiring knowledge" of specific infringements. *Id.* at 1073. Nor has Plaintiff adequately alleged actual knowledge, having failed to even identify any direct third-party infringers supposedly known to Redbubble. *Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2015 WL 2412357, at *4 (N.D. Cal. May 20, 2015) (Koh, J.) ("Plaintiffs do not allege any facts in support of the threadbare assertion that [defendants] 'had knowledge of the infringing acts ... In fact, Plaintiffs do not even identify the alleged third party [copyright] infringers.").

Plaintiff purports to plead on "information and belief" that Redbubble had "specific knowledge of the Infringing Goods" via its alleged "involvement in" providing "customer support" services concerning these products to direct infringers. [D.E. 28 ¶ 58.] But Plaintiff fails to allege "how" Redbubble acquired any specific knowledge of the particular purported infringements at issue in this case from this supposed involvement. *Pryor v. Warner/Chappell Music, Inc.*, No. CV 13-4344 RSWL AJWX, 2014 WL 690153, at *6 (C.D. Cal. Feb. 20, 2014) (contributory copyright-infringement claim inadequately pled knowledge). Any knowledge of third-party activities that Redbubble may have acquired through providing any alleged services does not *ipso facto* allow an inference that it knew those activities were *infringing*. *Bibiyan v. Marjan Television Network, Ltd.*, No. CV193993DMGMRWX, 2019 WL 8108710, at *3 (C.D. Cal. Nov. 27, 2019) ("knowledge of" the "*purchase* [of allegedly bootleg videos was] not the same as knowledge of *infringement*" (emphases in original)).

Nor do alleged notices to Redbubble concerning other *prior* infringements of Plaintiff's intellectual property establish the requisite knowledge. [*See* D.E. 28 ¶ 61.] Contributory liability

1  requires knowledge of "'specific infringing material.'"  *Davis v. Pinterest, Inc.*, No. 19-CV-

2  07650-HSG, 2020 WL 4201681, at *2 (N.D. Cal. July 22, 2020).  However, Plaintiff does not

3  allege that any prior notices concern—much less apprise Redbubble of—any *specific* infringing

4  goods at issue.  *Annabooks, LLC v. Issuu, Inc.*, No. 20-CV-04271-CRB, 2020 WL 6873646, at *5

5  (N.D. Cal. Sept. 24, 2020) (prior "takedown notice" did not "plausibly" show defendant "had

6  knowledge of the infringing copy of the Work specifically").

7      In sum, Plaintiff, at best, only alleges Redbubble had "'a generalized knowledge'" of "'the

8  possibility of infringement'" on its platform, which is insufficient as a matter of law to permit

9  judgment in its favor.  *Epikhin*, 2015 WL 2412357, at *4 (citation omitted).

10    **B.**    **Plaintiff fails to plead that Redbubble had knowledge of any specific Lanham-**

11         **Act Violations and/or that Redbubble was willfully blind.**

12     Although "[t]he tests for secondary trademark infringement are even more difficult to

13  satisfy than those required to find secondary copyright infringement," *Perfect 10, Inc. v. Visa Int'l*

14  *Serv. Ass'n*, 494 F.3d 788, 806 (9th Cir. 2007), Plaintiff's Contributory Lanham-Act[2] and

15  Copyright Claims rely on the same scienter allegations.  [*See* D.E. 28 ¶¶ 58, 61, & 63.]  Thus,

16  since Plaintiff fails to plead the requisite knowledge for contributory-copyright liability, *see supra*,

17  it also fails to do so for the Contributory Lanham-Act Claims.  *See Tiffany (NJ) Inc. v. eBay, Inc.*,

18  576 F. Supp. 2d 463, 510 & 510 n.37 (S.D.N.Y. 2008) (required knowledge for contributory

19  trademark-infringement claims must be at least as stringent as that for contributory copyright-

20  infringement claims since "liability for [the former] is narrower than liability for [the latter]"),

21  *aff'd in part, rev'd in part on other grounds*, 600 F.3d 93 (2d Cir. 2010).

22     Plaintiff's Contributory Lanham-Act Claims lack factual pleadings showing Redbubble

23  "'supplie[d]'" any services to direct infringers while having "direct knowledge of infringement" or

24  being "willful[ly] blind[]" to [any] direct infringement."  *Theta Chi Fraternity, Inc. v. Leland*

25  *Stanford Junior Univ.*, 212 F. Supp. 3d 816, 825–26 (N.D. Cal. 2016).  Plaintiff's allegation on

26  information and belief that Redbubble acquired specific knowledge from providing customer-

27  _____

28  [2] [*See* D.E. 28 ¶ 72 (asserting contributory counterfeiting under 15 U.S.C. § 1114); *id.* ¶¶ 78 & 95 (asserting contributory trademark and trade-dress infringement under 15 U.S.C. §§ 1114 & 1125).]

support services to alleged direct infringers is again insufficient.  [D.E. 28 ¶ 58.]  This assertion cannot show either actual or constructive knowledge because it "does not clearly allege when or suggest how [Redbubble] became aware of" any particular listings of infringing materials "at the time [the alleged infringement] happened."  *Id.* at 826 (dismissing contributory trademark-infringement claim).  Also, the allegation fails to show Redbubble "had actual knowledge that any identified third party was engaged in" direct infringement.  *Free Kick Master LLC v. Apple Inc.*, 140 F. Supp. 3d 975, 985 (N.D. Cal. 2015) (dismissing contributory trademark-infringement claim).  Thus, Plaintiff's scienter allegations concerning Redbubble's purported knowledge are simply inadequate, conclusory pleadings that on "information and belief" Redbubble "knowingly participated in" allegedly infringing activities.  *Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*, No. 07 CIV.6959 (DAB), 2009 WL 4857605, at *7 (S.D.N.Y. Dec. 14, 2009) (contributory trademark-infringement claim did not plead knowledge).

Plaintiff's pleadings about *past* takedown notices and third-party infringement history on Redbubble's site are also insufficient because these allegations do not show Redbubble's "'contemporary knowledge of which *particular* listings are infringing or will infringe.'"  *Spy Phone Labs LLC. v. Google Inc.*, No. 15-CV-03756-PSG, 2016 WL 1089267, at *3 (N.D. Cal. Mar. 21, 2016).  Courts have consistently held that neither "'[t]he mere assertion by a'" claimant that a particular activity "'infringes its mark'"  (*id.* at *4. n.61 (citation omitted)) nor past "familiar[ity]" with an asserted mark suffices to adequately plead knowledge.  *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19-CV-05611-PJH, 2020 WL 1250802, at *10 (N.D. Cal. Mar. 16, 2020) (dismissing contributory trade-dress infringement claim).  Even "'[n]otice of certain acts of infringements does not imply generalized knowledge of—and liability for—other [acts of infringement].'"  *Spy Phone*, 2016 WL 1089267, at *3 (citation omitted).  Thus, because Plaintiff fails to even identify[3] the particular goods to which any past alleged takedown notices and/or infringing activities related—much less explain how such information would apprise

---

[3] Plaintiff also fails to properly delimit the scope of its asserted trade dresses.  Section IV.C, *infra*.

1  Redbubble of any particular Lanham-Act violations at issue *in the instant case*—Plaintiff's

2  references to purported past infringement cannot establish Redbubble's knowledge.[4]

3     **C.     Plaintiff wholly fails to allege any protectable trade-dress elements.**

4          Plaintiff's Trade-Dress Claims fail to give "adequate notice" of its claims.  "[C]ourts in

5  this circuit have required trade dress plaintiffs, at the very least, to provide adequate notice by

6  including in their complaint a complete recitation of the concrete elements of their alleged trade

7  dress.  At the very least, [a plaintiff] must specifically identify, in its complaint, the particular

8  aspects of [its product] that it claims amount to the protectable trade dress that defendants have

9  infringed."  *ArcSoft*, 153 F. Supp. 3d at 1069-70 (N.D. Cal. 2015) (internal citations and

10  quotations omitted).  "[I]t will not do to solely identify in litigation a combination as 'the trade

11  dress.'  Rather, the discrete elements which make up that combination should be separated out and

12  identified in a list." McCARTHY ON TRADEMARKS § 8:3 (4th ed. 2001).  This pleading

13  requirement cannot be met by merely by including images of purported trade dress.  *Mosaic*

14  *Brands, Inc. v. The Ridge Wallet LLC*, No. 220CV04556ABJCX, 2020 WL 5640233, at *5 (C.D.

15  Cal. Sept. 3, 2020) ("The images and descriptions Plaintiff provides of some of its products are

16  alone insufficient to put Defendant on notice of the asserted trade dress attendant to those products

17  or any others.").

18          Here, the Complaint fails to "specifically identify ... the particular aspects" of each asserted

19  trade dress Plaintiff "claims amount to the protectable trade dress that" Redbubble infringed.

20  Plaintiff's purported identifications of asserted trade dresses are entirely conclusory, consisting

21  solely of defining certain terms with initial capitals and claiming ownership therein.  [*See, e.g.*,

22  D.E. 28, ¶ 28 ("YZ is the owner of all right, title and interest in and to the … trade dress (the 'RZ

23  Cupcake Trade Dress') for the RZ Cupcake Goods"); *id.* ¶ 32 (same for "Slays Hair Trade

24  _____

25  [4] *See, e.g.*, *Spy Phone*, 2016 WL 1089267, at *4 (claimant failed to allege "plausible actual notice
    of any infringement" despite its prior infringement notice concerning its mark); *Free Kick Master*

26  *LLC v. Apple Inc*, No. 15-CV-3403-PJH, 2016 WL 777916, at *14 (N.D. Cal. Feb. 29, 2016)
    (dismissing contributory trademark-infringement claim with prejudice where claimants failed to

27  plead facts showing they "provided notice" to defendant "of the alleged infringement" and noting
    that an earlier letter regarding trademark infringement was "irrelevant" because it concerned

28  products that did not infringe claimants' marks and thus failed to provide the requisite scienter).

1  Dress"); *id.* ¶ 36 (same for "ZAMFAM Trade Dress"); *id.* ¶ 39 (same for "Slays Trade Dress"); *id.*

2  ¶ 42 (same for "RZ Photograph Trade Dress").]  The *ArcSoft* court, by contrast, held that a

3  complaint that described that plaintiff's "distinctive … color scheme" and use and placement of its

4  trademark and other visual features failed to proffer the requisite "complete recitation of the

5  concrete elements of [plaintiff's] alleged trade dress." 153 F. Supp. 3d at 1069.  In *ArcSoft*,

6  certain aspects of the purported trade dress were functional, and therefore outside the bounds of

7  trade-dress protection.  *See* 153 F. Supp. 3d at 1069.  Here, by contrast, Plaintiff has not even

8  identified the purported elements of its trade dresses in a manner that would allow the Court to

9  evaluate whether they are functional.  Thus, Plaintiff's trade-dress infringement claims fail as a

10  matter of law.

11  　　　　Moreover, because Plaintiff is simultaneously asserting trademarks and copyrights based

12  on the same subject matter, Plaintiff's Trade-Dress Claims fail for the additional reason that the

13  Complaint fails to plead trade-dress theories that sufficiently establish themselves apart from any

14  copyright theory.  [*See* D.E. 28 ¶¶ 28, 32, 36, 39, & 42.]  *See, e.g.*, *RDF Media Ltd. v. Fox Broad.*

15  *Co.*, 372 F. Supp. 2d 556, 564 (C.D. Cal. 2005) (dismissing trade-dress claim that merely

16  "repackag[ed]" claimant's "copyright claims"); *see also Sleep Sci. Partners v. Lieberman*, No. 09-

17  04200 CW, 2010 WL 1881770, at *5 (N.D. Cal. May 10, 2010) (dismissing trade-dress claim that

18  inadequately "identified the [trade-dress] elements" and noting that if claimant wanted to re-allege

19  the claim, it had to ensure that the claim would not "fall under the purview of the Copyright Act").

20  　　　　**D.　　The CDA bars Plaintiff's state-law Unfair-Competition Claims.**

21  　　　　Plaintiff's Unfair-Competition Claims under California law are barred by the CDA because

22  the Complaint's allegations establish that: (1) Redbubble provides an "'interactive computer

23  service'"; (2) Plaintiff's claims require the Court to "'treat [Redbubble] as a publisher or speaker

24  of information'"; and (3) "'information [was] provided by another content provider.'"  *Free Kick*,

25  140 F. Supp. 3d at 980–81 (quoting 47 U.S.C. § 230 and dismissing claims under the CDA).  In

26  other words, Plaintiff has "plead[ed it]self out of court" by stating "facts which establish that [it]

27  cannot prevail on [its] claim[s]."  *Herskowitz*, 940 F. Supp. 2d at 1137 (citations and internal

28  quotations omitted).

1       Specifically, by alleging that Redbubble provides a "platform" that allows users "to create

2   online storefronts through which [allegedly] Infringing Goods" are then marketed, offered for sale,

3   and sold" by the users [D.E. 28 ¶¶ 52-53 & 84], Plaintiff has established that Redbubble qualifies

4   as an information service provider.  *See, e.g.*, *Free Kick*, 140 F. Supp. 3d at 983 (applying the

5   CDA to Amazon.com, Inc. for claims concerning app stores set up by third-parties in Amazon's

6   marketplace); *Joseph v. Amazon.com, Inc.*, 46 F. Supp. 3d 1095, 1106 (W.D. Wash. 2014)

7   (granting Amazon.com, Inc. judgment under the CDA and holding it is an "'interactive service

8   provider'" since the complaint "allege[d] that Amazon operates a website that allows consumers to

9   purchase items online, i.e., to access [its] servers by placing orders ...").

10       Plaintiff's state law claims treat Redbubble as a publisher because they are premised on

11   Redbubble's alleged assistance with various on-line transactions between third parties relating to

12   the listing and purchase of third-party goods on Redbubble's platform.   [*See* D.E. ¶¶ 128 & 134.]

13   *See, e.g.*, *La Park La Brea A LLC v. Airbnb, Inc.*, 285 F. Supp. 3d 1097, 1105–06 (C.D. Cal. 2017)

14   (holding that the complaint treated Airbnb, Inc. as a publisher because it alleged that "Airbnb"

15   facilitated "rental opportunities" on end-user "property" and enabled guests to "locate and book"

16   said properties).

17       Finally, the Complaint demonstrates that the Unfair-Competition Claims concern

18   communications provided by other content providers—namely the users that "create online

19   storefronts" and upload their designs to be offered for sale on products through those storefronts.

20   *Free Kick*, 140 F. Supp. 3d at 983 (CDA barred state-law claims of trademark infringement, unfair

21   competition, false advertising, *etc.* relating to the sale of allegedly infringing software via on-line

22   stores offered through defendants' marketplaces).

23       In a naked attempt to avoid the effect of the CDA, Plaintiff attempts to allege that

24   Redbubble is "not simply a service provider" because Redbubble "providies [*sic*] the platform for"

25   allegedly infringing third-party goods, "processes orders for [said goods] placed by consumers,

26   arranges for the manufacture of [these goods], arranges for [their] shipping ..., controls all

27   customer service and return activities with the consumer, and pockets a significant portion of the

28

2911-1009 / 1741139.6

DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

1  profits when consumers purchase the[se] goods."  [D.E. ¶¶ 128, 134.]  But those allegations

2  merely confirm that Redbubble does not itself provide the content in question.

3       To survive the CDA, the Unfair-Competition Claims must allege that Redbubble:

4          acted as an *author* of the challenged content—*e.g.*, that either

5          [Redbubble] chose the names of the products, wrote any of the

6          [allegedly infringing material], or provided *encouragement or*

7          *assistance* in the allegedly infringing use of plaintiff's mark on the

8          products, or that either had *notice* that the third-party use was

9          unlicensed and infringing.

10  *Free Kick*, 140 F. Supp. 3d at 983 (emphases added).

11       Plaintiff fails to allege that Redbubble authored any materials, encouraged any

12  infringement, and/or had notice of any infringing third-party use.  Nor do any of Redbubble's

13  alleged activities constitute assistance or otherwise deprive it of the immunities conferred by the

14  CDA.  For example, *Free Kick* rejected claimant's argument that "defendants [we]re not mere

15  'service providers'" even though the claimant had made allegations strikingly similar to Plaintiff's

16  here.  *See id.* at 982 ("[Claimant] contends that ... the defendants ... have profited from the alleged

17  trademark infringement, and in addition have collaborated by promis[ing] to promote the apps and

18  programs (using various 'commerce and marketing features' and 'recommendations' to

19  consumers); approv[ing] the apps; mak[ing] certain that the apps work as outlined and that the

20  apps do not impair the host devices; test[ing] the apps for compatibility and on real devices; and

21  supplement[ing] the binary code of the apps with its own binary code.").

22       In sum, in light of its allegations establishing that the content on the Redbubble

23  Marketplace is authored by third-party sellers, Plaintiff cannot get around the statutory CDA safe

24  harbor protections merely by pleading that Redbubble was responsible for facilitating access to

25  any allegedly actionable materials: Redbubble must be responsible for the *materials themselves*.

26  *La Park*, 285 F. Supp. 3d at 1106.

27  ///

28  ///

1

## V.     CONCLUSION

2        Plaintiff has failed to plead that Redbubble had the requisite knowledge to support its

3    contributory infringement claims, has failed to identify any allegedly protectable trade-dress

4    elements, and has pled facts establishing that Redbubble is immune from its state-law claims.

5    Accordingly, Redbubble respectfully asks the Court to dismiss Plaintiff's Contributory Copyright-

6    Infringement and Lanham-Act Claims, Trade-Dress Claims, and Unfair-Competition Claims.

7

8    Dated: January 29, 2021.                     COASTSIDE LEGAL
                                                   KENNETH B. WILSON
9
                                                   ZUBER LAWLER LLP
10
                                                   JOSHUA M. MASUR
11                                                 FRANCESCA MIKI SHIMA GERMINARIO
                                                   JEFFREY J. ZUBER
12                                                 HEMING XU

13                                                 By:  _Joshua M. Masur_____

14                                                     Joshua M. Masur
                                                       Attorneys for Defendant Redbubble Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28