UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YZ PRODUCTIONS, INC., <br><br>Plaintiff, <br><br>v. <br><br>REDBUBBLE, INC., <br><br>Defendant. | Case No. 20-CV-06615-LHK <br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br>Re: Dkt. No. 29 |

YZ Productions, Inc. ("Plaintiff") sues Redbubble, Inc. ("Defendant") for (1) trademark counterfeiting under 15 U.S.C. § 1114; (2) trademark infringement under 15 U.S.C. § 1114; (3) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a); (4) copyright infringement under 17 U.S.C. §§ 501 *et seq.*; (5) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and (6) unfair competition under California common law. Before the Court is Defendant's motion to dismiss Plaintiff's contributory copyright infringement claim, contributory trademark infringement claim, trade dress infringement claim, and unfair competition claims. ECF No. 29.[1] Having

---

[1] Defendant's motion to dismiss contains a notice of motion paginated separately from the memorandum of points and authorities in support of the motion. ECF No. 29 at 1–3. Civil Local

1
Case No. 20-CV-06615-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1  considered the parties' submissions, the relevant law, and the record in this case, the Court
2  GRANTS Defendant's motion to dismiss with leave to amend.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a California corporation that operates YouTube channels and "engages in the production, design, creation, distribution and sale of multimedia content." ECF No. 28 ("FAC") ¶ 7. Plaintiff has more than thirteen million subscribers on YouTube and millions of subscribers and followers on its social media channels. *Id.* ¶¶ 8–9.

Defendant is a Delaware corporation with its principal place of business in San Francisco, California. *Id.* ¶ 6. Defendant owns and operates an e-commerce system that allows users to create online storefronts on its website, www.redbubble.com. *Id.* ¶¶ 51–53.

Plaintiff is allegedly the "owner of all right, title and interest in and to" the REBECCA ZAMOLO Trademark for the REBECCA ZAMOLO Goods. *Id.* ¶ 12. The REBECCA ZAMOLO Trademark was registered with the U.S. Patent and Trademark Office ("USPTO") on June 30, 2020. *Id.* Ex. A. According to a printout from the USPTO Trademark Status & Document Retrieval ("TSDR") Database, the REBECCA ZAMOLO goods consist of cosmetics, stickers and transfers, blank journals, clothing, and on-line video journals. *Id.*

Plaintiff is allegedly the "owner of all right, title and interest in and to" the GAMEMASTER Design Trademark for the GAMEMASTER Design Trademark Goods. FAC ¶ 15. The GAMEMASTER Design Trademark was registered with the USPTO on August 4, 2020. *Id.* Ex. A. According to a printout from the USPTO TSDR Database, the GAMEMASTER Design Trademark Goods consist of clothing and advertising services. *Id.*

Plaintiff is allegedly the "owner of all right, title and interest in and to" the GAMEMASTER Word Trademark for the GAMEMASTER Word Trademark Goods. FAC ¶ 18. The GAMEMASTER Word Trademark was registered with the USPTO on January 7, 2020. *Id.*

---

Rule 7-2(b) provides that the notice of motion and points and authorities should be contained in one document with the same pagination.

2

Ex. A. According to a printout from the USPTO TSDR Database, the GAMEMASTER Word Trademark Goods consist of clothing and advertising services. *Id*.

Plaintiff is allegedly the "owner of all right, title and interest in and to" the ZAMFAM Trademark for the ZAMFAM Goods. FAC ¶ 20. The ZAMFAM Trademark application was filed with the USPTO on December 4, 2019. *Id.* Ex. A. According to a printout from the USPTO TSDR Database, the GAMEMASTER Word Trademark Goods consist of stickers and transfers, clothing, and on-line video journals. *Id*. The Court refers collectively to the REBECCA ZAMOLO Goods, the GAMEMASTER Design Trademark Goods, the GAMEMASTER Word Trademark Goods, and the ZAMFAM Goods as the "YZ Goods."

Additionally, Plaintiff is the author of several original works of art. Plaintiff is allegedly the author of the following original works of art and photographs: "RZ Cupcake Pink/Teal," "Slays Hair," "#ZAMFAM Sprinkles," "ZAMFAM CROP Top," "Slays," and an original photograph of Rebecca Zamolo. *Id.* ¶¶ 26, 30, 34, 37, 40. Plaintiff is the "owner of all right, title, and interest in and to" the copyright and trade dress for these original works of art and photographs, and Plaintiff has allegedly used these artworks and photographs on the YZ Goods. *Id.* ¶¶ 27–28, 31–32, 35–36, 38–39, 41–42. The artworks "RZ Cupcake Pink/Teal" and "Slays Hair" are both registered with the U.S. Copyright Office. *Id.* ¶¶ 29, 33; ECF No. 28-2 ("Ex. B").

Plaintiff allegedly "has and continues to widely market and promote the YA Marks, YZ Artworks and YZ Trade Dress" by displaying them on videos watched and clothing sold in the United States. FAC ¶ 46. Plaintiff alleges that "the marks, images and trade dress have acquired great value as specific identifiers of [Plaintiff's] products and serve to identify and distinguish [Plaintiff's] products from those of others." *Id.* ¶ 49. As a result, the marks, artworks, and trade dress are allegedly "intellectual property assets of enormous value as symbols of YZ and its quality products, reputation, and goodwill." *Id.*

Plaintiff alleges that Defendant owns and operates an e-commerce system that allows users to create online storefronts on its website. *Id.* ¶¶ 51–53. Plaintiff alleges that, in Defendant's ecommerce system, "infringing and counterfeit apparel and other goods displaying the YZ Marks,

3

YZ Artworks and Goods . . . are marketed, offered for sale, sold, created, and/or shipped to consumers." *Id.* ¶ 50. The goods for sale on Defendant's website are allegedly in the same categories as those present on Plaintiff's website, such as paper goods, t-shirts, and hoodies. *Id.* ¶ 57. The First Amended Complaint includes images with side-by-side comparisons of Plaintiff's goods and the goods for sale on Defendant's website. *Id.* at 16–18.

Plaintiff alleges that "Defendant is directly involved in the sale of goods via its e-commerce system and has direct control over and specific knowledge of the Infringing Goods advertised or sold via that system." *Id.* ¶ 52. Plaintiff bases this allegation on "Defendant's intimate involvement in the marketing, offering for sale, selling, producing, and/or shipping of the goods, and other customer support provided . . . relating to the goods." *Id.* ¶ 58. Moreover, Defendant allegedly has the ability to remove products from its system and "even suspend or terminate users' storefronts." *Id.* ¶ 53.

On February 5, 2020, Plaintiff allegedly notified Defendant of its infringement and demanded that Defendant stop its unlawful activities. *Id.* ¶ 61. Plaintiff alleges that Defendant continued to market, sell, and distribute the goods. *Id.* Plaintiff further alleges that the Defendant's acts have been "willful and deliberate" and that Defendant "has intentionally attempted to capitalize on [Plaintiff's] valuable reputation and customer goodwill . . . by using marks, images, and trade dress that [are] the same as or confusingly similar to YZ Marks on or in connection with Infringing Goods." *Id.* ¶ 62. According to Plaintiff, Defendant's acts have caused Plaintiff "to suffer irreparable injury to its business." *Id.* ¶ 66.

**B. Procedural History**

On September 21, 2020, Plaintiff filed the instant case against Defendant. ECF No. 1. On January 15, 2021, Plaintiff filed the First Amended Complaint. FAC. Plaintiff brings six claims: (1) trademark counterfeiting under 15 U.S.C. § 1114; (2) trademark infringement under 15 U.S.C. § 1114; (3) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a); (4) copyright infringement under 17 U.S.C. §§ 501 *et seq.*; (5) violation of the UCL; and (6) unfair competition under California common law. *Id.* ¶¶ 67–139.

4

On January 29, 2021, Defendant filed a motion to dismiss Plaintiff's contributory copyright infringement claim, contributory trademark infringement claim, trade dress claim, and unfair competition claims. ECF No. 29 ("Mot."). On February 12, 2021, Plaintiff filed an opposition. ECF No. 31 ("Opp'n"). On February 19, 2021, Defendant filed a reply. ECF No. 32 ("Reply"). On March 23, 2021, Plaintiff filed a notice of supplemental authority. ECF No. 33. On May 20, 2021, Defendant filed a statement of recent decision. ECF No. 37.

## II. LEGAL STANDARD

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per

5

Case No. 20-CV-06615-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Plaintiff brings six claims: (1) trademark counterfeiting under 15 U.S.C. § 1114; (2) trademark infringement under 15 U.S.C. § 1114; (3) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a); (4) copyright infringement under 17 U.S.C. §§ 501 *et. seq.*; (5) violation of the UCL; and (6) unfair competition under California common law. FAC ¶¶ 67–139.

Defendant moves to dismiss several causes of action in the First Amended Complaint. First, Defendant moves to dismiss Plaintiff's claims for contributory copyright infringement and contributory trademark infringement. Second, Defendant moves to dismiss Plaintiff's claim for trade dress infringement. Third, Defendant moves to dismiss both of Plaintiff's unfair competition claims. The Court addresses each of these claims in turn.

6

Case No. 20-CV-06615-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

### A. Contributory Infringement Claims

Below the Court addresses Plaintiff's contributory copyright infringement claim then Plaintiff's contributory trademark infringement claim.

#### i. Contributory Copyright Infringement

Defendant contends that Plaintiff fails to state a contributory copyright infringement claim because Plaintiff fails to adequately allege that Defendant had actual knowledge of specific acts of infringement. Mot. at 5. The Court agrees.

To state a claim for contributory copyright infringement, a plaintiff must allege that a defendant "(1) has knowledge of a third party's infringing activity, and (2) induces, causes or materially contributes to the infringing conduct." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) (internal quotation marks omitted). "To establish liability," the Ninth Circuit has said, "the first prong requires more than a generalized knowledge by [a defendant] of the possibility of infringement" by a third party. *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013). Rather, "actual knowledge of specific acts of [third party] infringement is required for contributory infringement liability." *Id.* (internal quotation marks omitted).

As Plaintiff contends, Opp'n at 1, a defendant who has "reason to know" also has the requisite knowledge for contributory copyright infringement. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). However, the defendant must have "reason to know" of *specific* acts of infringement. *See id.* (concluding that a reasonable trier of fact could find that the defendant had the requisite knowledge for contributory copyright infringement because complaints were sent to the defendant about specific acts of infringement and the defendant thus had "reason to know" of specific acts of infringement); *see also Perfect 10, Inc. v. Giganews, Inc.*, No. 11-CV-07098-AB, 2015 WL 1746406, at *5 (C.D. Cal. Mar. 6, 2015) (concluding that *Ellison* "is entirely consistent with the litany of Ninth Circuit decisions . . . requi[ring] evidence that [the defendant has] specific knowledge of specific infringing content"). Accordingly, Plaintiff must allege that Defendant knew or had reason to know of specific acts of infringement.

7

Moreover, mere "conclusory allegations that [Defendant] had the required knowledge of infringement are plainly insufficient." *Luvdarts, LLC*, 710 F.3d at 1071. Plaintiff must allege facts to support the conclusion that Defendant had "knowledge of specific acts of [third party] infringement." *Luvdarts, LLC*, 710 F.3d at 1071; *accord Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2015 WL 2412357, at *4 (N.D. Cal. May 20, 2015) (granting motion to dismiss contributory copyright infringement claims because "Plaintiffs do not allege any facts in support of the threadbare assertion that [Defendants] 'had knowledge of the infringing acts'").

In the First Amended Complaint, Plaintiff alleges that Plaintiff "notified Defendant of its infringement." FAC ¶ 61. Plaintiff also alleges that Defendant had "specific knowledge of the Infringing Goods advertised or sold" through Defendant's system. FAC ¶ 52. The Court addresses the sufficiency of each allegation in turn.

First, Plaintiff alleges that Plaintiff "notified Defendant of its infringement." FAC ¶ 61. However, Plaintiff never alleges that Plaintiff notified Defendant of specific acts of infringement, namely specific infringing products. *Id.* Because Plaintiff never alleges that Plaintiff notified Defendant of specific infringing products, Plaintiff's notice may have been simply a "generalized notification that infringement is occurring," which is insufficient to establish specific knowledge. *See Luvdarts, LLC*, 710 F.3d at 1072–73 (holding that a notice containing a "list of titles" without identifying "which of [the] titles were infringed, who infringed them, or when the infringement occurred" was insufficient).

Plaintiff also alleges that Defendant had "specific knowledge of the Infringing Goods advertised or sold" through Defendant's system. FAC ¶ 52. However, Plaintiff's allegation is conclusory because Plaintiff does "not allege any facts in support of the threadbare assertion that [Defendants] 'had knowledge of the infringing acts.'" *Epikhin*, 2015 WL 2412357, at *4; *see also Luvdarts, LLC*, 710 F.3d at 1071 (stating that "conclusory allegations that [Defendant] had the required knowledge of infringement are plainly insufficient").

Thus, the Court concludes that Plaintiff fails to adequately allege that Defendant had the requisite specific knowledge of infringement. Accordingly, the Court GRANTS Defendant's

8

motion to dismiss Plaintiff's cause of action for contributory copyright infringement. The Court does so with leave to amend because amendment would not be futile, unduly prejudice the parties, or cause undue delay, and Plaintiff has not acted in bad faith. *See Leadsinger*, 512 F.3d at 532.

### ii. Contributory Trademark Infringement

Defendant further contends that Plaintiff failed to adequately allege the knowledge required for Plaintiff's contributory trademark infringement claim. Mot. at 6. The Court agrees.

"The tests for [contributory] trademark infringement are even more difficult to satisfy than those required to find [contributory] copyright infringement." *Perfect 10, Inc.*, 494 F.3d at 806. The Ninth Circuit has recognized two bases for liability. *Id.* at 807. First, a defendant is liable for contributory trademark infringement if the defendant has "'intentionally induced' the primary infringer to infringe." *Id.* at 807 (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)). In the instant case, the first basis for liability is not at issue because the First Amended Complaint does not allege that Defendant intentionally induced any third party to infringe Plaintiff's marks. Recognizing the insufficiency of the allegations in the First Amended Complaint, Plaintiff's opposition advances an inducement theory for the first time. Opp'n at 3. However, Plaintiff never makes allegations of inducement in the First Amended Complaint. The Court declines to consider an allegation raised for the first time in opposition to the instant motion. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Thus, the Court does not consider inducement. Because the first basis for liability, inducement, is not at issue here, the Court considers whether Plaintiff has made adequate allegations as to the second basis for liability.

The second basis for liability varies depending upon whether the defendant supplies an infringing product to an infringer or rather supplies a service to an infringer. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 984 (9th Cir. 1999). In the instant case, Plaintiff alleges that Defendant is the provider of an online marketplace on which third parties allegedly

9
Case No. 20-CV-06615-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

create online storefronts and sell goods that infringe upon Plaintiff's trademarks. FAC ¶¶ 50, 52. Accordingly, Defendant provides a service, not a product, to the alleged infringers.

Where, as here, the defendant provides a service rather than a product to an infringer, courts "consider the extent of control exercised by the defendant over the third party's means of infringement." *Lockheed Martin Corp.*, 194 F.3d at 984. The plaintiff must establish that the defendant "knew of acts of direct infringement and exercised the requisite level of control over the means of infringement." *Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F. Supp. 3d 816, 825 (N.D. Cal. 2016). Accordingly, the Court considers in turn whether Plaintiff has adequately alleged that Defendant (1) knew of acts of direct infringement, and (2) exercised the requisite level of control over the means of infringement. *Id.*

First, as to whether Plaintiff has adequately alleged that Defendant "knew of acts of direct infringement," in an online marketplace setting, "a service provider must have more than a general knowledge or reason to know that its service is being used to sell counterfeit goods. Some contemporary knowledge of which particular listings are infringing or will infringe . . . is necessary." *Spy Phone Labs LLC. v. Google Inc.*, No. 15-CV-03756-PSG, 2016 WL 1089267, at *3 (N.D. Cal. Mar. 21, 2016); *see also Ripple Labs Inc. v. YouTube LLC*, No. 20-CV-02747-LB, 2020 WL 6822891, at *3 (N.D. Cal. Nov. 20, 2020) (holding that defendant must have "contemporaneous knowledge of the infringing conduct and continued to supply its services"); *Coach, Inc. v. Celco Customs Servs. Co.*, No. CV1110787MMMFMOX, 2014 WL 12573411, at *17 (C.D. Cal. June 5, 2014) (holding that defendant must have "particularized knowledge" for a contributory trademark infringement claim). Receiving "[n]otice of certain acts of infringements does not imply generalized knowledge of—and liability for—others." *Spy Phone Labs LLC.*, 2016 WL 1089267, at *3.

In the instant case, Plaintiff alleges that Defendant "know[s] or [has] reason to know that [Defendant's] system is used to market, offer for sale, sell, create, and/or distribute Infringing Goods." FAC ¶ 88. However, Plaintiff does not allege that Defendant had contemporary knowledge of which particular postings on Defendant's website infringed upon Plaintiff's

10

trademarks.

Indeed, Plaintiff effectively concedes that its allegations are insufficient because Plaintiff includes new facts in Plaintiff's opposition. Specifically, Plaintiff's opposition contends that "on February 5, 2020, [Plaintiff] notified [Defendant] of the existence of [Plaintiff's] registered trademarks and of specific products on its website that infringed [Plaintiff's] intellectual property, and thus [Defendant] had reason to know that such acts would continue without Redbubble's intervention." Opp'n at 4–5. However, the First Amended Complaint never alleges that Plaintiff notified Defendant of "*specific* products on its website that infringed [Plaintiff's] intellectual property." *See* FAC ¶ 61 (alleging that Plaintiff "notified Defendant of its infringement" without alleging that Plaintiff notified Defendant of specific products). Accordingly, the Court declines to consider an allegation raised for the first time in opposition to the instant motion. *See Schneider*, 151 F.3d at 1197 n.1 ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

In sum, because Plaintiff does not allege that Defendant had knowledge of specific acts of infringement, the Court concludes that Plaintiff has not adequately alleged that Defendant "knew of acts of direct infringement." *See Spy Phone Labs LLC*, 2016 WL 1089267, at *3 (granting motion to dismiss because the plaintiff did not adequately allege that the defendant had "contemporary knowledge of which particular listings are infringing or will infringe"); *see also Coach, Inc.*, 2014 WL 12573411, at *17 (holding that defendant must have "particularized knowledge" for a contributory trademark infringement claim).

Second, as to whether Plaintiff has adequately alleged that Defendant exercised the requisite level of control over the means of infringement, Plaintiff contends that Defendant "has direct control over its e-commerce system" and "has supervisory power over users of its e-commerce system." Opp'n at 5; FAC ¶ 89. However, even assuming that Plaintiff's allegations as to control are sufficient, Defendant must know "of acts of direct infringement *and* exercise[ ] the requisite level of control over the means of infringement." *Spy Phone Labs LLC*, 2016 WL

11

1089267, at *3. In the instant case, Plaintiff has not plausibly alleged facts that establish that Defendant knew of specific acts of infringement. Accordingly, Plaintiff has not adequately alleged a contributory trademark infringement claim. Thus, the Court GRANTS Defendant's motion to dismiss Plaintiff's cause of action for contributory trademark infringement. The Court does so with leave to amend because amendment would not be futile, unduly prejudice the parties, or cause undue delay, and Plaintiff has not acted in bad faith. *See Leadsinger*, 512 F.3d at 532.

**B. Trade Dress Infringement Claim**

Defendant next argues that Plaintiff's trade dress infringement claim should be dismissed for two reasons. Mot. at 8. First, Defendant contends that Plaintiff fails to identify "the purported elements of its trade dresses in a manner that would allow the Court to evaluate whether they are functional." *Id.* at 9. Second, Defendant contends that Plaintiff's trade dress infringement claim impermissibly overlaps with Plaintiff's copyright theory. *Id.* The Court agrees with Defendant that Plaintiff fails to list the elements that constitute the alleged trade dress. Accordingly, the Court need not consider Defendant's second argument for dismissal.

A product's trade dress consists of "its total image and overall appearance; it includes 'features such as size, shape, color, color combinations, texture, or graphics.'" *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F. 3d 1042, 1044 n.2 (9th Cir. 1998) (quoting *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 613 (9th Cir. 1989)). To state a claim for trade dress infringement, a plaintiff must allege that "(1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is substantial likelihood of confusion between the plaintiff's and defendant's products." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009) (citing *Disc Golf Ass'n v. Champion Discs*, 158 F.3d 1002, 1005 (9th Cir. 1998)).

Because trade dress claims involve intensely factual issues, "courts in this circuit have required trade dress plaintiffs, at the very least, to provide adequate notice by including in their complaint 'a complete recitation of the concrete elements of [their] alleged trade dress.'" *Arcsoft, Inc. v. Cyberlink Corp.*, 153 F. Supp. 3d 1057, 1070 (N.D. Cal. 2015) (quoting *Lepton Labs, LLC v. Walker*, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014)); *see also Bryant v. Matvieshen*, 904 F.

12

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Supp. 2d 1034, 1046 (E.D. Cal. 2012) ("In order to state a trade dress claim . . . , [Plaintiff] needs to clearly define the specific elements that constitute the trade dress; a general description of the site is insufficient"); *Salt Optics, Inc. v. Jand, Inc.*, No. 10-cv-00828, 2010 WL 4961702, at *4 (C.D. Cal. Nov. 19, 2010) ("A plaintiff must clearly articulate its claimed trade dress to give a defendant sufficient notice"); *Sleep Sci. Partners v. Lieberman*, No. 08-cv-04200-CW, 2010 WL 1881770, at *3 (N.D. Cal. May 10, 2010) ("Without an adequate definition of the elements compromising the website's 'look and feel,' [Defendant] is not given adequate notice"); *Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*, No. 08-cv-04397-WHA, 2008 WL 6742224, at *5 (N.D. Cal. Dec. 18, 2008) ("[Plaintiff] must provide more detail and clarify the total appearance of the product that [Plaintiff] claims is the trade dress at issue").

Moreover, courts in this circuit have held that "images and descriptions . . . of some . . . products are alone insufficient to put [the defendant] on notice of the asserted trade dress"; rather, a complete recitation of the concrete elements of the trade dress is required. *See, e.g.*, *Crafty Prods., Inc. v. Michaels Cos., Inc.*, 424 F. Supp. 3d 983, 991–92 (S.D. Cal. 2019), *aff'd sub nom. Crafty Prods., Inc. v. Fuqing Sanxing Crafts Co.*, 839 F. App'x 95 (9th Cir. 2020) (dismissing trade dress infringement claim because plaintiffs did "not clearly articulate[ ] their trade dress" and, instead, "merely attach[ed] hundreds of images" to their complaint); *Mosaic Brands, Inc. v. The Ridge Wallet LLC*, No. 220CV04556ABJCX, 2020 WL 5640233, at *5 (C.D. Cal. Sept. 3, 2020) (citations omitted) (dismissing trade dress infringement claim because images failed to adequately identify plaintiff's trade dress).

In the instant case, Plaintiff fails to list the concrete elements that constitute the alleged trade dress. Plaintiff alleges that it "is the owner of all right, title and interest in and to" the "RZ Cupcake Trade Dress," the "Slays Hair Trade Dress," the "ZAMFAM Trade Dress," the "Slays Trade Dress," and the "RZ Photograph Trade Dress." FAC ¶¶ 28, 32, 36, 39, 42. However, Plaintiff does not include a "recitation of the concrete elements of [its] alleged trade dress[es]." *Lepton Labs, LLC*, 55 F. Supp. 3d at 1240. Instead, Plaintiff merely attaches a list of images of the alleged infringing goods offered for sale and sold on Defendant's website. FAC ¶ 56. However,

13

images alone are insufficient to provide adequate notice. *See, e.g.*, *Crafty Prods., Inc.*, 424 F. Supp. 3d at 991–92 (dismissing trade dress infringement claim because plaintiffs did "not clearly articulate[ ] their trade dress" and, instead, "merely attach[ed] hundreds of images" to their complaint); *Mosaic Brands, Inc*, 2020 WL 5640233 at *5 (dismissing trade dress infringement claim because images failed to adequately identify plaintiff's trade dress).

Rather, a complete recitation of the concrete elements of the trade dress is required to provide adequate notice to the defendant. *Arcsoft, Inc.*, 153 F. Supp. 3d at 1070 (granting motion to dismiss trade dress claim because "courts in this circuit have required trade dress plaintiffs, at the very least, to provide adequate notice by including in their complaint 'a complete recitation of the concrete elements of [their] alleged trade dress'"); *Lepton Labs, LLC*, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014) (granting motion to dismiss trade dress claim where plaintiff failed to provide "a complete recitation of the concrete elements of their alleged trade dress").

Because Plaintiff fails to provide a recitation of the concrete elements of its trade dress, the Court GRANTS Defendant's motion to dismiss Plaintiff's trade dress claims. The Court does so with leave to amend because amendment would not be futile, unduly prejudice the parties, or cause undue delay, and Plaintiff has not acted in bad faith. *See Leadsinger*, 512 F.3d at 532.

### C. Unfair Competition Claims

Defendant next moves to dismiss Plaintiff's unfair competition claims. Mot. at 9. Defendant argues that these claims are barred by the Communications Decency Act ("CDA"), 47 U.S.C. § 230. *Id.* The Court agrees.

The CDA aims to "preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation." 47 U.S.C. § 230(b)(2). In pursuit of that goal, § 230 "immunizes providers of interactive computer services against liability arising from content created by third parties." *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc). The text of § 230(c)(1) specifically provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another

14

information content provider." 47 U.S.C. § 230(c)(1). Pursuant to this statutory text, the Ninth Circuit has set forth a three element test for a defendant to receive § 230(c)(1) immunity. Section 230(c)(1) "only protects from liability (1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat . . . as a publisher or speaker (3) of information provided by another information content provider." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–01 (9th Cir. 2009), *as amended* (Sept. 28, 2009). However, the CDA's grant of immunity does not apply where the interactive computer service provider is "also an 'information content provider,' which is defined as someone who is 'responsible, in whole or in part, for the creation or development of' the offending content." *Roommates.Com, LLC*, 521 F.3d at 1162 (quoting 47 U.S.C. § 230(f)(3)).

In the instant case, Defendant contends that all three elements of the Ninth Circuit test are met. Mot. at 9. Plaintiff contends that the CDA's grant of immunity does not apply here because Defendant is also an information content provider. The Court first addresses the three elements of the Ninth Circuit test then discusses Plaintiff's contention that Defendant is an information content provider.

First, Plaintiff alleges that Defendant provides an interactive computer service. An "interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Plaintiff alleges that Defendant operates an "ecommerce system" that allows users "to create online storefronts through which Infringing Goods are then marketed, offered for sale, and sold." FAC ¶¶ 51–52. This allegation is enough to suggest that Defendant provides an "interactive computer service." *See, e.g.*, *Joseph v. Amazon.com, Inc.*, 46 F. Supp. 3d 1095, 1106 (W.D. Wash. 2014) (finding Amazon.com to offer an "interactive computer service" because plaintiff "allege[d] that Amazon operates a website that allows consumers to purchase items online, i.e., to access [its] servers by placing orders").

Second, Plaintiff alleges that Defendant is a publisher or speaker of information. In *La Park La Brea A LLC v. Airbnb, Inc.*, the court held that the plaintiff treated the defendant, Airbnb, as a publisher by alleging that Airbnb "facilitate[d] the posting of rental opportunities at the host's

15

Case No. 20-CV-06615-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

property, by providing the means for guests to locate and book host properties, and by processing payments from guests to hosts." *La Park La Brea A LLC*, 285 F. Supp. 3d at 1106. Similarly, in the instant case, Plaintiff alleges that Defendant facilitates various online transactions between third parties by listing third party goods on Defendant's platform. FAC ¶¶ 51–52. Accordingly, Plaintiff's claims require the Court to treat Defendant as a publisher of information.

Third, Plaintiff alleges that the communications were provided by another content provider. The First Amended Complaint alleges that third party "users" "create online storefronts" through Defendant's e-commerce system. FAC ¶ 52. Thus, the First Amended Complaint alleges that third party users use Defendant's platform to market, offer for sale, and sell their products. Accordingly, the First Amended Complaint alleges that third party users are the ones providing the information at issue in the instant case.

Plaintiff alleges that Defendant is an information content provider because Defendant "providies [*sic*] the platform for the Infringing Goods, processes orders for the Infringing Goods placed by consumers, arranges for the manufacture of the Infringing Goods, arranges for shipping of the Infringing Goods, controls all customer service and return activities with the consumer, and pockets a significant portion of profits." FAC ¶ 134. However, multiple courts in the Ninth Circuit have rejected the proposition that similar acts make a defendant an information content provider. *See, e.g.*, *Free Kick Master LLC*, 140 F. Supp. 3d at 982 (rejecting argument that Amazon was a content provider because it profited from the alleged infringement, helped users set up profiles, and promoted and approved apps on the Amazon AppStore); *La Park La Brea A LLC*, 285 F. Supp. at 1104 (rejecting argument that Airbnb, an online hospitality marketplace, was a content provider because it provided user information verification, messaging systems, and a refund policy). Similarly, the Court concludes in the instant case that Plaintiff's allegations do not suggest that Defendant is a content provider or an author of the challenged content.

In sum, the Court concludes that § 230 immunity applies because all three elements of the Ninth Circuit's test are satisfied in the instant case. *See Barnes*, 570 F.3d at 1100–01 (9th Cir. 2009) (stating that § 230 immunity protects "(1) a provider or user of an interactive computer

16

service (2) whom a plaintiff seeks to treat . . . as a publisher or speaker (3) of information provided by another information content provider"). Furthermore, the exception to § 230 immunity does not apply because Plaintiff has not adequately alleged that Defendant is an information content provider in the instant case. 47 U.S.C. § 230(f)(3). Because § 230 immunity bars Plaintiff's unfair competition claims, the Court GRANTS Defendant's motion to dismiss Plaintiff's unfair competition claims. The Court grants leave to amend because amendment would not necessarily be futile, unduly prejudice the parties, or cause undue delay, and Plaintiff has not acted in bad faith. *See Leadsinger*, 512 F.3d at 532.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's contributory copyright infringement claim, contributory trademark infringement claim, trade dress claim, and unfair competition claims with leave to amend. Plaintiff shall file any amended complaint within 30 days of this Order. Failure to do so, or failure to cure deficiencies identified herein or identified in the instant motion to dismiss, will result in dismissal of the deficient claims with prejudice. Plaintiff may not add new causes of action or add new parties without stipulation or leave of the Court. Plaintiff is directed to file a redlined complaint comparing the complaint to any amended complaint as an attachment to Plaintiff's amended complaint.

**IT IS SO ORDERED.**

Dated: June 24, 2021

_____
LUCY H. KOH
United States District Judge

17
Case No. 20-CV-06615-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND