KENNETH B. WILSON  (SBN 130009)
  *ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1ˢᵗ Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR  (SBN 203510)
  *jmasur@zuberlawler.com*
ZUBER LAWLER LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5600
Facsimile: (213) 596-5621

JEFFREY J. ZUBER  (SBN 220830)
  *jzuber@zuberlawler.com*
ZUBER LAWLER LLP
350 S. Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile:  (213) 596-5621

Attorneys for Defendant REDBUBBLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| YZ PRODUCTIONS, INC., a California corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>REDBUBBLE, INC., a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>                    Defendant. | Case No. 5:20-cv-06615-LHK<br><br>**DEFENDANT REDBUBBLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF YZ PRODUCTIONS, INC.'S CONTRIBUTORY INFRINGEMENT CLAIMS IN SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Judge:    Hon. Lucy H. Koh<br>Date:     December 16, 2021<br>Time:     1:30 p.m.<br>Crtrm.:   8 |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE THAT** on September, 2021, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Lucy H. Koh, located in the Robert F. Peckham Federal Building and United States Courthouse, 280 South First Street, Courtroom 8, San Jose, California 95113, Defendant Redbubble Inc. ("Redbubble") respectfully moves this Court to dismiss with prejudice the contributory copyright infringement and contributory trademark infringement claims (the "Contributory Infringement Claims") in Plaintiff YZ Productions, Inc.'s ("Plaintiff's") Second Amended Complaint ("SAC" or "Complaint") [Dkt. No. 45].  This Motion is made upon the grounds that Plaintiff's Contributory Infringement Claims has failed to plead facts showing that Redbubble had knowledge of any specific infringing activities, as set forth in this Court's June 24, 2021 Order Granting Motion to Dismiss with Leave to Amend (the "MTD Order"), notwithstanding the Court's admonition that "failure to cure deficiencies identified herein or identified in the instant motion to dismiss will result in dismissal of the deficient claims with prejudice." [Dkt. No. 41 at 17.]

      This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated: August 12, 2021.

                     COASTSIDE LEGAL
                     KENNETH B. WILSON

                     ZUBER LAWLER LLP
                     JOSHUA M. MASUR
                     JEFFREY J. ZUBER

                     By:  */s/ Joshua M. Masur*
                         Joshua M. Masur
                         Attorneys for Defendant Redbubble Inc.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3      This Court's MTD Order noted that, for both contributory copyright infringement and

4   contributory trademark infringement, a plaintiff must plead and prove that the defendant had

5   knowledge of specific infringing listings or products. and after receiving notice, contributed to

6   infringement *with respect to those particular listings and products*. [Dkt. No. 41 at 7-12.]  In so

7   holding, the Court reiterated the rule from *Spy Phone Labs LLC. v. Google Inc*., No. 15-CV-

8   03756-PSG, 2016 WL 1089267 at *3) (N.D. Cal. Mar. 21, 2016) that "[r]eceiving '[n]otice of

9   certain acts of infringements does not imply generalized knowledge of—and liability for—

10   others.'" [Dkt. No. 41 at 10 (also citing to "*Ripple Labs Inc. v. YouTube LLC*, No. 20-CV-02747-

11   LB, 2020 WL 6822891, at *3 (N.D. Cal. Nov. 20, 2020) (holding that defendant must have

12   'contemporaneous knowledge of the infringing conduct and continued to supply its services')").

13      The MTD Order dismissed Plaintiff's Contributory Infringement Claims because Plaintiff

14   had failed to plead the specific acts of contributory infringement on which those claims were

15   based. While Plaintiff has now alleged in its Second Amended Complaint that it informed

16   Redbubble of certain specific infringing products (*see, e.g.,* Dkt. No. 45 at ¶ 42 and Exh. C), it has

17   not alleged and cannot allege that Redbubble subsequently contributed to infringement *with*

18   *respect to those particular products*. This omission is fatal to Plaintiff's Contributory

19   Infringement Claims.

20      The MTD Order warned that ""failure to cure deficiencies identified herein or identified

21   in the instant motion to dismiss will result in dismissal of the deficient claims with prejudice."

22   [Dkt. No. 41 at 17] Because Plaintiff failed to satisfy the pleadings set forth in that Order,

23   Redbubble respectfully submits that Plaintiff's Contributory Infringement Claims should be

24   dismissed without leave to amend.

25

**II.      RELEVANT BACKGROUND**

26      For background prior to Plaintiff's filing of the Second Amended Complaint, Redbubble

27   refers the Court to its prior Motion to Dismiss (Dkt. No. 29 at 2-3) and the Court's MTD Order

28   (Dkt. No. 41).

1    On July 22, 2021, Plaintiff filed its Second Amended Complaint, in which it failed to

2    replead certain claims that were dismissed in the MTD Order, but reasserted its Contributory

3    Infringement Claims.[1] [Dkt. No. 45.]  In the SAC, Plaintiff applied the term "Infringing Goods" to

4    the universe of allegedly "infringing and counterfeit apparel and other goods displaying the YZ

5    Marks, YZ Artworks and Goods, and/or confusingly [sic] marks and substantially similar

6    designs." [*Id* at ¶ 41.]  Plaintiff then attempted to satisfy the Court's directive that Plaintiff plead

7    Defendant's knowledge of "specific acts of infringement" by alleging that it "informed Defendants

8    on February 5, 2020 that the YZ Marks and YZ Artworks were featured on several Infringing

9    Goods. See Exhibit C, attached hereto. In that communication, YZ provided Defendants with links

10   to specific Infringing Goods for sale," as well as screenshots of those products. [*See, e.g., id* at ¶¶

11   42, 51, 65 and 80.]  However, Plaintiff nowhere alleges that Redbubble did anything post-notice to

12   contribute to infringement by those particular products.[2]  Instead, Plaintiff merely generically

13   alleged that post-notice, Redbubble "continued to "continued to market, offer for sale, sell, create,

14   and/or distribute ***Infringing Goods***" or "***the Infringing Goods***" (i.e., products from the universe of

15   goods that Plaintiff considers infringing). [*Id* at ¶¶ 52, 65, and 80 (emphasis added).]

16   **III.    LEGAL ARGUMENT**

17       Because Plaintiff has not alleged and cannot allege that Redbubble received notice of

18   infringement regarding specific products and thereafter contributed to infringement by such

19   products, its contributory infringement claims should be dismissed again, this time with prejudice.

20       As is apparent from the case law referenced the MTD Order, for purposes of this motion,

21   the legal standards are sufficiently similar for contributory copyright infringement and

22   contributory trademark infringement that they may be discussed together. Both causes of action

23   _____

24   [1] Plaintiff's SAC failed to satisfy the requirement of the MTD Order that it "file a redlined

25   complaint comparing the complaint to any amended complaint as an attachment to Plaintiff's
     amended complaint." [Dkt. No. 41 at 17.]  Although Redbubble notified Plaintiff of this

26   deficiency a week ago, Plaintiff has still not cured it by filing a redlined complaint as ordered;
     however, earlier today, Plaintiff did email Redbubble a redlined version.

27   [2] Presumably, Plaintiff failed to include such allegations because they would violate Plaintiff's

28   Rule 11 obligations, since Redbubble promptly removed the listings identified in Plaintiff's Notice
     letter after receiving that letter.

1   require that for contributory liability to attach, a plaintiff must plead and prove that defendant have

2   "particularized knowledge" of "specific acts of infringement." [*See* Dkt. No. 41 at 7-8 and 10-12

3   and cases cited therein.]  Moreover, both causes of action require that a plaintiff plead that after

4   receiving notice of specific allegedly infringing products, the defendant failed to act with respect

5   to or took affirmative steps to contribute **to those acts of infringement**. [*See id.* at 7 (noting this

6   requirement for contributory copyright infringement), 11-12 (same for contributory trademark

7   infringement).]

8        While Plaintiff's SAC's reference to Exhibit C to the Complaint and the particular listings

9   discussed therein at least arguably satisfies the requirements for pleading knowledge of certain

10  specific acts of alleged infringement, Plaintiff has not alleged and cannot allege that Redbubble

11  ignored Plaintiff's notice and allowed these listings to remain on the Redbubble marketplace, or

12  did anything with respect to these listings or products that might qualify as contributory

13  infringement. This omission is fatal to Plaintiff's contributory infringement claims. And both

14  because the Court already admonished the Plaintiff that failure to properly replead these claims

15  could result in dismissal without leave to amend, it is appropriate for such dismissal to be with

16  prejudice.

17  **IV.    <u>CONCLUSION</u>**

18       For the foregoing reasons, Redbubble's motion to dismiss should be granted without leave

19  to amend.

20

21  Dated: August 12, 2021.              COASTSIDE LEGAL
                                          KENNETH B. WILSON
22
                                          ZUBER LAWLER LLP
23                                        JOSHUA M. MASUR
                                          JEFFREY J. ZUBER
24

25

26                                        By:  */s/ Joshua M. Masur*
                                          Joshua M. Masur
27                                        Attorneys for Defendant Redbubble Inc.

28