IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YZ PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> REDBUBBLE, INC., <br><br> Defendant. | Case No. 20-cv-06615-CRB <br><br> **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

Defendant Redbubble asks the Court to dismiss the contributory copyright infringement and contributory trademark infringement claims in the Second Amended Complaint (SAC). See generally MTD (dkt. 47). Redbubble contends that Plaintiff YZ Productions failed to adequately address the problems with those claims identified in Judge Koh's June 2021 Order Granting Motion to Dismiss With Leave to Amend. Id. at 2; Order (dkt. 41).[1] The Court agrees, and GRANTS the motion, again with leave to amend. See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

Judge Koh's order explained that "To state a claim for contributory copyright infringement, a plaintiff must allege that a defendant '(1) has knowledge of a third party's infringing activity, and (2) induces, causes or materially contributes to the infringing conduct.'" Order at 7 (quoting Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 795 (9th Cir. 2007)). The order further noted that a "defendant must have 'reason to know' of specific acts of infringement." Id. (citing Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004); Perfect 10, Inc. v. Giganews, Inc., No. 11-CV-07098-AB. 2015 WL 1746406, at *5 (C.D. Cal. Mar. 6, 2015)).

---

[1] Judge Koh was assigned to the case before its reassignment this month.

1 And the order held that the allegations of contributory copyright infringement in the First
2 Amended Complaint (FAC) were insufficiently specific. Id. at 8 ("Plaintiff never alleges that
3 Plaintiff notified Defendant of specific acts of infringement, namely specific infringing
4 products.").

5 Similarly, Judge Koh's order stated that it is "'even more difficult to satisfy'" the test for
6 contributory trademark infringement, which—given these facts—requires "that [Redbubble] (1)
7 knew of acts of direct infringement, and (2) exercised the requisite level of control over the means
8 of infringement." Order at 9–10 (quoting Perfect 10, Inc., 494 F.3d at 806; Theta Chi Fraternity,
9 Inc. v. Leland Stanford Junior Univ., 212 F. Supp. 3d 816, 825 (N.D. Cal. 2016)). The order
10 reiterated that a defendant's knowledge must be specific. Id. at 10. It quoted Spy Phone Labs
11 LLC v. Google Inc., No. 15-CV-03756-PSG, 2016 WL 1089267, at *3 (N.D. Cal. Nov. 20. 2020),
12 for the proposition that "'[r]eceiving [n]otice of certain acts of infringements does not imply
13 generalized knowledge of—and liability for—others.'" Id. And the order held that the allegations
14 of contributory trademark infringement in the FAC were insufficiently specific. Id. at 12 ("[YZ
15 Productions] has not plausibly alleged facts that establish that [Redbubble] knew of specific acts
16 of infringement.").

17 Judge Koh dismissed the contributory copyright infringement and contributory trademark
18 infringement claims in the FAC with leave to amend, noting that Redbubble's opposition brief had
19 included new details about a February 5, 2020 communication. Order at 8–9, 11–12. YZ
20 Productions amended, and now alleges that on February 5, 2020, YZ Productions informed
21 Redbubble "that the YZ Marks and YZ Artworks were featured on several Infringing Goods," and
22 provided Redbubble "with links to specific Infringing Goods for sale, as well as screen shots of
23 the listings for the Infringing Goods." SAC ¶¶ 41, 42, 51, Exhibit C (notifying Redbubble of
24 alleged trademark infringement and copyright infringement, among other things, and attaching
25 screen shots).

26 Redbubble argues that "While [YZ Productions] has now alleged in its [SAC] that it
27 informed Redbubble of certain specific infringing products . . ., it has not alleged and cannot
28 allege that Redbubble subsequently contributed to infringement with respect to those particular

2

products." MTD at 3. Rather, according to Redbubble, the SAC "merely generically allege[s] that post-notice, Redbubble 'continued to market, offer for sale, sell, create, and/or distribute Infringing Goods' or 'the Infringing Goods,'" MTD at 4 (quoting SAC ¶¶ 52, 65, 80), which the SAC broadly defines as "infringing and counterfeit apparel and other goods displaying the YZ Marks, YZ Artworks and Goods, and/or confusingly [sic] marks and substantially similar designs," SAC ¶ 41. YZ Productions responds only that "the Complaint now includes facts that confirm that Redbubble had 'specific knowledge of specific infringing content' via the [February 5, 2020 letter]." Opp'n (dkt. 51) at 3–4 (quoting Order at 7).

Redbubble is correct that there must be some connection between the specific infringement that YZ Productions identified to Redbubble and the infringement that forms the basis of YZ Productions' claims. See, e.g., A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004 (9th Cir. 2001) (holding that the record demonstrated that Napster had knowledge of "specific" infringing material on "its system, that it could block access to the system by suppliers of the infringing material, and that it failed to remove the material.") (emphasis added). "Notice of certain acts of infringement does not imply generalized knowledge of—and liability for—others." Spy Phone Labs, 2016 WL 1089267, at *3; see also Luvdarts, LLC v. AT&T Mobility, LLC, 710 F.3d 1068, 1972–73 (9th Cir. 2013) (requiring more than generalized knowledge of the possibility of infringement and holding that 150-page lists of titles that did not identify what titles were infringed, when, or by whom, were "indistinguishable from a generalized notification that infringement is occurring.").

Nevertheless, YZ Productions was not necessarily required to allege that Redbubble continued to display on its site the exact listings identified in the February 5, 2020 letter.[2] It may be sufficient to allege that Redbubble "allowed an infringer . .. to continue to use its website[] to post multiple infringing products, even after [YZ Productions] alerted [Redbubble] that the seller infringed [YZ Production's] trademarks." See Spy Optic, Inc. v. Alibaba.Com, Inc., 163 F. Supp. 3d 755, 766 (C.D. Cal. 2015); see also Sony Corp. of America v. Universal City Studios, Inc., 464

---

[2] YZ Productions might be able to allege just that, but it has not yet done so. Redbubble suggests that YZ Productions cannot do so because "Redbubble promptly removed the listings identified in [YZ Productions'] Notice letter after receiving the letter." MTD at 4 n.2. As this is not summary judgment, the Court confines itself to the contents of the complaint.

3

U.S. 417, 439 n.19 (1984) (recognizing liability for contributory copyright infringement based on "supply[ing] . . . products to identified individuals known by it to be engaging in continuing infringement of respondents' copyrights."); Ripple Labs Inc. v. YouTube LLC, No. 20-cv-02747-LB, 2020 WL 6822891, at *5 (N.D. Cal. Nov. 20, 2020) ("The cases establish that an online marketplace is responsible for contributory trademark infringement when—after notice that a vendor is selling infringing products—it allows the vendor to keep selling the infringing products."). Thus, in Atari Interactive, Inc. v. Redbubble, Inc., 515 F. Supp. 3d 1089, 1109 (N.D. Cal. 2021), Judge Tigar denied summary judgment where there was evidence that "Redbubble knowingly allows repeat infringers to upload content to Redbubble's site," causing genuine disputes of material fact over contributory infringement.

While YZ Productions now alleges that it notified Redbubble of specific acts of infringement, it has not yet alleged a connection between the February 5, 2020 letter and any infringement that took place thereafter. Accordingly, the contributory copyright infringement and contributory trademark infringement claims are DISMISSED. The Court will allow YZ Productions leave to amend both claims, if it wishes to do so, within thirty days of this order.

**IT IS SO ORDERED.**

Dated: January 28, 2022

CHARLES R. BREYER
United States District Judge